**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIC WARREN BRIGHT, an individual, ) | No. CV 09-02196-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| MERCER ADVISORS, INC., a ) corporation, ) | |
| Defendant. ) | |

Currently before the Court is Plaintiff Eric Warren Bright's Motion for Judge in the Above-Captioned Case to Disqualify himself, filed on August 2, 2010. (Doc. 35). Therein Plaintiff requests that Judge G. Murray Snow be disqualified pursuant to 28 U.S.C. § 455. Having carefully considered Plaintiff's motion, the Court issues the following order.

Two statutes govern the recusal of district judges: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 applies when a party to a proceeding believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. Section 455(a), requires that "any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  A properly brought motion pursuant to §144 "must be referred to another judge for a determination of its merits." United States v.

1 Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Section 455, on the other hand, "is directed to the
2 judge, rather than the parties, and is self-enforcing on the part of the judge."  Id. at 867–68.
3 "[It] includes no provision for referral of the question of recusal to another judge; if the judge
4 sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to
5 recuse himself or herself."  Id.  at 868.

6 In ordering that the instant motion be reassigned, Judge Snow relied upon section 144.
7 (Doc.  39).  Plaintiff's motion, however, is brought exclusively pursuant to section 455.
8 Accordingly, this Court lacks the requisite authority to act.  The Court also notes that even
9 if Plaintiff had brought the instant motion pursuant to section 144, the Court could not
10 decide it on the merits.  Section 144, "expressly conditions relief upon the filing of a timely
11 and legally sufficient affidavit."  Silba, 624 F. 2d at 867.  Plaintiff has filed a motion, but
12 does not appear to have attached the requisite affidavit.  Without an affidavit, relief pursuant
13 to section 144 is unavailable.  Id. at 868 ("Of course, if the *motion and affidavit* required by
14 section 144 is not presented to the judge, no relief under section 144 is available." (emphasis
15 added)).The Court, therefore, must transfer this Motion back to Judge Snow for a merits
16 determination pursuant to section 455.[1]

17 / / /

---

[1] Although this Court lacks the authority to make a definitive ruling on Plaintiff's motion, it has reviewed the bases of Plaintiff's allegations against Judge Snow, and they do not appear to warrant recusal pursuant to section 144. The crux of Plaintiff's motion is that Judge Snow made a number of adverse rulings against Plaintiff, including resolving a discovery dispute in favor of Defendant.  Adverse rulings, however, are insufficient bases for recusal, and nothing about Judge Snow's decisions appear to be out of the ordinary. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (explaining that "a judge's prior adverse ruling is not sufficient for recusal").  Additionally, Plaintiff has not alleged any specific acts taken or statements made by Judge Snow that support Plaintiff's allegations that Judge Snow is in anyway biased against pro-se litigants and African-Americans.

1     **Accordingly,**

2     **IT IS HEREBY ORDERED** reassigning this Motion (Doc. 35) to Judge Snow for

3 consideration as Judge Snow sees fit pursuant to 28 U.S.C. § 455.

4     DATED this 22nd day of November, 2010.

_____
Mary H. Murguia
United States District Judge