**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric W. Bright, an individual, | No. CV-09-2196-PHX-GMS |
| Plaintiff, | |
| vs. | **ORDER** |
| Mercer Advisors, Inc., a Delaware corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Disqualify Judge (Doc. 35). On August 5, 2010, the motion was referred to Judge Murguia. Pursuant to Judge Murguia's Order (Doc. 45) the motion was reassigned to this Court for ruling. For the following reasons the Court will deny the motion.

Title 28 U.S.C.§ 455 specifies:

(a)   Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)   He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455 (2006).

In interpreting these statutory provisions the Supreme Court has determined that a court's judicial rulings "almost never" constitute a valid basis for a motion to disqualify.

1  This is because "opinions formed by the judge on the basis of facts introduced or events
2  occurring in the course of the current proceedings, or of prior proceedings do not constitute
3  a basis for a bias or partiality motion unless they display a deep-seated favoritism or
4  antagonism that would make fair judgment impossible." *United States v. Liteky,* 510 U.S.
5  540, 555 (1994). Thus, statements made in ruling on particular motions establish bias only
6  in extremely rare circumstances. "[E]xpressions of impatience, dissatisfaction, annoyance,
7  and even anger, that are within the bounds of what imperfect men, and women, even after
8  having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at
9  courtroom administration – even a stern and short-tempered judge's ordinary efforts at
10 courtroom administration – remain immune." *Id.* at 555-56.

11    The moving party bears the burden of proving facts sufficient to justify recusal. And,
12 the mere filing of a motion does not amount to sufficient proof. First, pursuant to the terms
13 of the statute, the Court must determine whether the claims of bias in the statute are legally
14 sufficient before determining that the Court "shall proceed no further" on the movant's case.
15 The statute "must be given the utmost strict construction to safeguard the judiciary from
16 frivolous attacks upon its integrity and to prevent abuse and insure the orderly functioning
17 of the judicial system." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977)
18 (citations omitted).   Allegations that are merely conclusory are not legally sufficient. *United*
19 *States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *United States v.*
20 *Vespe*, 868 F.2d 1328, 1340 (3d. Cir. 1989).

21    Because Plaintiff's Motion to Disqualify does not meet the required standards it is
22 denied. Therefore,

23    **IT IS HEREBY ORDERED** denying the Motion to Disqualify Judge (Doc. 35).
24    DATED this 2nd day of December, 2010.

25
26    _____
          G. Murray Snow
27        United States District Judge
28